## Henry Davidson, plaintiff in error, *vs.* Otis M. Wheeler, defendant in error.

*Error to Muscatine.*

Where an action of replevin was commenced in Dubuque, and by consent of parties the venue was changed to Muscatine—held not to be erroneous.

The venue may be changed by consent of parties in all cases were the court has jurisdiction over the subject matter.

A statute which changes the practice operates upon pending causes, and the proceedings thereafter should be conducted in accordance with such change

This was an action of replevin brought by Henry Davidson against Otis M. Wheeler in the District Court of Dubuque for two boxes of dry goods, and two boxes of boots and shoes. At the September term 1839, by consent of the parties the venue was changed to Muscatine county, Judge Wilson then presiding having been counsel for the plaintiff.

At the June term of the District Court of Muscatine, 1841, the cause was tried before the Hon. Joseph Williams, and a jury. The jury found the property to be in Hungerford & Livingston's store, and that the value of the same was $1,071,41, and that the defendant had sustained damages to the amount of $589. And thereupon the defendant remitted of the damages the sum of $53,30. Judgment, that the defendant have and recover to the use of Hungerford & Livingston, the said sum of $1,071,41, the value of the goods so as aforesaid found by the jury, together with the sum of $535,70, so as aforesaid by the jury assessed (deducting the amount remitted) together with interest on the amount of the value of the goods at the rate of six per cent from the 20th of November, 1837, the day on which the goods were replevied, $230,33, amounting in the whole to the sum of $1,837,44, together with his costs, $33,44.

On this judgment the plaintiff sued out his writ of error.

Assignment of errors:

1. The court erred in directing a change of venue from Dubuque county to Muscatine, without the usual shewing required by the statute.

2. The District Court of Muscatine county erred in entertaining jurisdiction of the said cause.

3. Pleas do not traverse or deny the right of plaintiff, which is the material issue.

4. They go to the value instead of a return of the property.

5. They conclude to the court instead of the country.

6. The court erred in taking a rule on the plaintiff to reply to defendant's pleas.

7. The court erred in swearing the jury to assess damages.

8. The court erred in rendering a larger judgment than the jury found.

9. The court erred in rendering a general judgment for the use of Hungerford & Livingston.

10. Jury assessed more than 50 per cent damages.

DAVIS, CRAWFORD & LOWE, for plaintiff.

WHICHER, BRADFORD & PARKER, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—We shall first notice the point made by the plaintiff in error, that the District Court of Muscatine county had no jurisdiction of the cause. The action was commenced in Dubuque, and by consent of parties the venue was changed to Muscatine. It is contended that the only mode of legally changing the venue in any case, is to pursue the mode pointed out by the statute and that "consent cannot give jurisdiction."

This last is a correct maxim of law, but its application has been mistaken in the present case. It applies to a case where the court has no jurisdiction over the subject matter, as if a justice of the peace were to try a man for murder. There the consent of the accused could never render the sentence legal. But in the present case the court had full jurisdiction, provided the parties were properly before it.

Suppose in a suit brought in the proper county, the defendant makes a voluntary appearance without being summoned according to law. As well might it be said that consent could not give jurisdiction in that case as in this. This maxim of law that consent takes away all error is directly applicable to both cases for the only question in either is whether the parties are regularly in court; not whether the court has jurisdiction of the case.

But a graver matter remains to be considered. It is alleged that the proceedings on the trial were not in accordance with the requisitions of the statute.

It was an action of replevin brought prior, but tried subsequent to the

passage of our present replevin law. The proceedings on the trial should therefore have been in accordance with the new law, for it is a well settled rule that where the practice is changed during the pendency of a suit, all subsequent proceedings must, as far as practicable, conform to the new law.

The plaintiff failed to prosecute his suit and thereupon a jury was empannelled and sworn " to enquire and assess the value of the goods and chattles so as aforesaid replevied, and to assess the damages sustained by the defendant in the premises." Now the laws of the first session of the Iowa legistature, page 400, provide that in a case of this kind a jury shall be empannelled " to enquire into the right of property and right of possession of the defendant to the goods and chattles in controversy. "

But not only was the oath incorrectly administered, but the finding of the jury was equally erroneous. Instead of bringing in a verdict in accordance with the statute, they found the property to belong to Hungerford & Livingston, strangers to the record. They also awarded damages to the defendant to the amount of more than five hundred dollars, whereas the statute only authorized the jury to find damages for the defendant, when they find either that the property was his, or that he was entitled to the possession thereof.

These are great and substantial departures from the mode prescribed by the statute and render the proceedings materially erroneous.

The judgment below will therefore be set aside and a new trial ordered.